## MARSHALL S. POLLARD *vs.* CALVIN W. ALLEN.

## Cumberland.    Opinion June 24, 1902.

*Intox. Liquors.   Druggist.   Presumption.   Evidence.   Intention.   Practice.*
*R. S., c. 27, § 56; c. 28, § 5.*

Druggists are authorized to keep "all medicines and poisons authorized by the United States Dispensatory and Pharmacopœia as of recognized medicinal utility." Intoxicating liquors are within this description.

In the absence of evidence of the extent or magnitude of the defendant's business as a druggist, no presumption of an intent to sell in violation of law arises from the quantity of liquors purchased by him. Innocence is presumed till the contrary is proved.

A finding by a justice of the superior court in an action to recover for the sale of intoxicating liquors, that the liquors were not intended for illegal sale in this state, is conclusive, when there is any evidence upon which it can be based. Whether there is any evidence in support of the finding, is a question of law; but whether it is sufficient, is a question of fact.

*Held;* that the significant circumstance,—that defendant knew what his intention was and could have testified, if true, that he intended to sell the liquors in violation of law, but did not so testify,—is some evidence to sustain the finding. Since he asks to have imputed to him an illegal intention which he declines to avow, and this against the legal presumption of innocence.

It is immaterial whether the seller knew of the intention or not. Our statute forbids collection of a claim for intoxicating liquors sold in another state to an inhabitant of this, if the purchaser intended to sell them in this state contrary to law.

Exceptions by defendant.   Overruled.

Assumpsit on account annexed, for a quantity of intoxicating liquors.

The plea was the general issue with a brief statement in effect that plaintiff's demand consisted wholly or in part, at least, of intoxicating liquors sold in violation of section 56, chapter 27 of Revised Statutes of Maine.

The facts appear in the opinion.

*Barrett Potter,* for plaintiff.

*C. P. Mattocks* and *C. E. Sawyer,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, JJ.

STROUT, J. The action in this case was for the recovery of the price of intoxicating liquors sold in Boston to the defendant who was a druggist in Brunswick. It was heard by the justice of the superior court without a jury, but with right of exception in matters of law.

The defendant asked a ruling in substance, that the sale of the quantities, within the times stated in the writ was prima facie evidence that the liquors were sold to the defendant for illegal sale in this state. This ruling was rightly refused. R. S., c. 28, § 5, authorizes druggists to keep "all medicines and poisons authorized by the United States Dispensatory and Pharmacopœia as of recognized medicinal utility." Intoxicating liquors are within this description. The law presumes all persons to be innocent of crime or criminal intent until the contrary appears. There is no evidence of the extent or magnitude of defendant's business as a druggist. It may have been large. He may have been putting upon the market in great quantities medicinal preparations, in which alcoholic liquors were ingredients. In the absence of evidence of the requirements of his business as a druggist, no inference of any intent to sell illegally can properly be drawn from the quantities here purchased; especially against the legal presumption of innocence.

*Oakes* v *Merrifield*, 93 Maine, 297, and kindred cases cited by defendant were all before this court on report, where the court was to find the facts as well as to determine the law. In the *Merrifield* case, the defendant was a hotel keeper, and the purchase was of a large quantity of liquor, much more than could be required for his own use for many years, and the court arrived at the conclusion of fact that the liquors were intended for unlawful sale. Here the justice has found as a fact, that these liquors "were not intended for illegal sale in the state of Maine." This finding of fact is conclusive, if there was any evidence upon which it could be based. Whether there is any evidence in support of the finding, is a question of law. But whether it is sufficient is a question of fact. *Hazen* v. *Jones*, 68 Maine, 343.

The possession of the liquors by the defendant, a druggist, was not unlawful, nor did it of itself justify an inference of an intention to sell them illegally. The defendant knew what his intentions were. He could have testified but did not. If he intended to violate the law by selling, he could have so stated, and defeated the action. Declining to do so is a significant fact from which arises a strong inference that he did not so intend, and could not truthfully testify that he did. He attempts to avoid a moral obligation, by interposing a legal bar to maintain which requires us to impute to him a criminal intent, which he declines to avow, and to do this without evidence and against the legal presumption of innocence. The justice who heard the case was obliged to find that the liquors were intended for illegal sale, or were not. There was no evidence that they were. There was some evidence that they were not. The justice found they were not. This finding cannot be reviewed here. *Brooks* v. *Libby,* 89 Maine, 153. The first ruling excepted to necessarily follows this finding of fact.

The second requested ruling to which exception is taken raised an immaterial question. Our present statute, R. S., c. 27, § 56, forbids collection of a claim for intoxicating liquors sold in another state to an inhabitant of this, if the purchaser intended to sell them in this state contrary to law. It makes no difference whether the seller knew or did not know of such intention. *McGlinchy* v. *Winchell,* 63 Maine, 31 ; *Meservey* v. *Gray,* 55 Maine, 540.

*Exceptions overruled.*